# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:12cv121

| | |
|---|---|
| JAMES EUGENE STINES II, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | MEMORANDUM AND |
| CAROLYN W. COLVIN, ) | RECOMMENDATION |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for social security disability and supplemental security income benefits. This case came before the Court on the administrative record and the parties' Motions for Summary Judgment [# 10 & # 14]. The Court **RECOMMENDS** that the District Court **GRANT** the Commissioner's Motion for Summary Judgment [# 14] and **AFFIRM** the Commissioner's decision.

## I. Procedural History

Plaintiff filed an application for disability benefits and supplemental security income on July 10, 2008. (Transcript of Administrative Record ("T.") 124-135.)

Plaintiff alleged an onset date of April 1, 2006. (T. 126, 128.) The Social Security Administration denied Plaintiff's claim. (T. 61.) Plaintiff requested reconsideration of the decision, which was also denied. (T. 68.) A disability hearing was then held before an Administrative Law Judge ("ALJ"). (T. 22-56.) The ALJ then issued a decision finding that Plaintiff was not disabled during the relevant time period. (T. 10-17.) Plaintiff requested review of the ALJ's decision (T. 5-6), which was denied by the Appeals Council (T. 1-3). Plaintiff then brought this action seeking review of the Commissioner's decision.

**II.     Standard for Determining Disability**

An individual is disabled for purposes of receiving disability payments if she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A); see also Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). Under this inquiry, the Commissioner must consider in sequence: (1) whether a claimant is gainfully employed; (2) whether a claimant has a severe impairment that significantly limits her ability to perform basic work-related

functions; (3) whether the claimant's impairment meets or exceeds the listing of impairments contained in Appendix I of 20 C.F.R. Part 404, subpart P; (4) whether the claimant can perform her past relevant work; (5) whether the claimant is able to perform any other work considering her age, education, and residual functional capacity. Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 654 n.1; 20 C.F.R. § 404.1520. If at any stage of the inquiry, the Commissioner determines that the claimant is or is not disabled, the inquiry is halted. 20 C.F.R. §§ 404.1520(a) and 416.920(a).

### III. The ALJ's Decision

In his July 21, 2010, decision the ALJ found that Plaintiff was not disabled under Sections 216(i) and 233(d) of the Social Security Act. (T. 17.) The ALJ made the following specific findings:

(1) The claimant meets the insured status requirements of the Social Security Act through December 31, 2014.

(2) The claimant has not engaged in substantial gainful activity since April 1, 2006, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

(3) The claimant has the following severe impairments: Affective disorder and Personality disorder (20 CFR 404.1520(c) and 20 CFR 416.920(c)).

(4) The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20

>     CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925
>     and 416.926).
>
> (5) After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: with the non-exertional limitations set forth by Dr. Williams, a State Agency medical consultant in Exhibit 7F.
>
> (6) The claimant is capable of performing past relevant work as a cleaner and food prep/delivery person. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).
>
> (7) The claimant has not been under a disability, as defined in the Social Security Act, from April 1, 2006, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

(T. 12-17.)

### IV. Standard of Review

Section 405(g) of Title 42 provides that a plaintiff may file an action in federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The scope of judicial review, however, is limited. The Court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." Id. (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id. When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that he is not disabled is supported by substantial evidence in the record, and whether the ALJ reached his decision based on the correct application of the law. Id.

V. **Analysis[1]**

A. **Counsel Failed to Comply with the Prior Orders of this Court**

Plaintiff contends that the ALJ erred in his treatment of the opinion of Dr. Mary Berg and Dr. Joseph Lanier. In support of his argument, Plaintiff offers a summary of the opinions of Dr. Berg and Dr. Lanier. (Pl.'s Mem. Arg. at pp. 5-7.) After summarizing the testimony, Plaintiff offers the following as the full extent of his legal analysis:

> We respectfully suggest that ALJ Riley's unwillingness to accept the clinical opinions of these two well qualified consultants, one selected by the Disability Determination Service and the other selected by

---

[1] Rather than separately set forth the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

> Plaintiff's counsel, both of whom agree with each other, constitutes reversible error on the part of the Administrative Law Judge. In this regard, we respectfully point the Court to the provisions of 20 C.F.R. §404.1527(d), describing the weight to be given to opinions of evaluating clinicians, as well as the 4th Circuit case of *Thomas v. Commissioner*, 24 Fed. Appx. 158 (4th Cir. 2001) a copy of which is attached to this Memorandum marked Attachment 1. See also, *Money v. Astrue*, 2011 U.S. Dist. LEXIS 96286 (U.S.D.C., M.D.N.C., 2011), a copy of which is attached to this Memorandum, marked Attachment 2. The findings of these well qualified examining clinicians are entirely consistent with the extensive treatment records of the Plaintiff contained in the Administrative file, as well as the testimony of the Plaintiff and his father James E. Stines, Sr. at the hearing before ALJ Riley, regarding the extreme difficulties the Plaintiff has had getting along with people and maintaining any sort of consistent work history. See the testimony at pp.27-51, Administrative Record.

(Pl.'s Mem. Arg. at p. 8.) Plaintiff, however, fails to offer any legal analysis explaining how the cited authority supports his position, fails to articulate how the evidence in the record supports the opinions of these doctors, and fails to even address the specific reasons provided by the ALJ for rejecting the opinions. In fact, aside from summarizing the two opinions at issue, Plaintiff does not discuss any of the other evidence in the record.

Moreover, neither of the cases cited by Plaintiff have any legal bearing on the issue raised by Plaintiff. In Thomas v. Comm'r Soc. Sec., 24 Fed. App'x 158 (4th Cir. 2001), the Fourth Circuit reversed and remanded a case because the Court could not determine from the record whether the Appeals Council recognized that the additional medical opinion submitted to it was the opinion of claimant's

treating physician and, thus, entitled to the treating physician rule.[2] Similarly, Money v. Astrue, No. 1:08-cv-895, 2011 WL 3841972 (M.D.N.C. Aug. 26, 2011), addressed whether remand was required in order for the ALJ to consider new evidence that was submitted to the Appeals Council. In addition, the Court in Money found that the ALJ failed to adequately explain the combined effects of the claimant's impairments. 2011 WL 3841972 at *7-9.

As the Court previously warned counsel for Plaintiff:

> The Court notes that counsel for Plaintiff has several social security appeals pending before the Court. In many of these cases, counsel has filed similar briefs that lack citations to legal authority and fail to clearly articulate the alleged errors committed by the ALJ. The Court warns counsel that going forward, the Court will strike any brief submitted by counsel in a social security case that does not separately set forth each alleged error and contain legal authority supporting each of the claimant's alleged errors. In addition, each alleged error must contain legal analysis explaining how such authority supports Plaintiff's position that the ALJ erred.
>
> Finally, it appears to the Court that the same individual is drafting the legal briefs for counsel in this case and in the cases where attorney Lamar Gudger is the attorney of record for the plaintiff. The Court has repeatedly warned Mr. Gudger about his pleadings in social security cases and has even struck a number of his pleadings from the record. In fact, the Court recently sanctioned him for his failure to comply with Court Orders regarding the filing of appropriate briefs. Counsel in this case is advised that he will suffer the same fate going forward if he continues to submit briefs with little to no legal authority or legal analysis. This Court will not tolerate the continued disruption

---

2 The Court notes that the individual drafting the briefs for counsel of record in this case and for Lamar Gudger routinely includes a citation to Thomas, despite the fact that it is not pertinent to the issues raised. See e.g. Hardy v. Astrue, Civil No. 1:11cv299, 2013 WL 566020, at *4 n.2 (W.D.N.C. Feb. 13, 2013) (Reidinger, J.).

> to the Court's docket that is caused by these frivolous filings. If these
> attorneys are not going to take their role as legal advocates for their
> clients seriously, then they should not practice in this Court.

Pascoe v. Astrue, No. 1:11cv226, 2012 WL 3528054, at *3 n.2 (W.D.N.C. Jul. 23, 2012) (Howell, Mag. J.). This warning, however, has had little impact on the conduct of counsel. As the Court recently pointed out in Chandler v. Astrue, No. 1:11cv229, 2012 WL 5336216, at *3 (W.D.N.C. Oct. 2, 2012) (Howell, Mag. J.), counsel has continued to file briefs containing legal arguments that are not supported by legal authority and lack any legal analysis:

> Despite this clear warning to counsel, counsel failed to correct the deficiencies in his pleadings in this case or request leave to do so. Counsel has continued to waste the judicial resources of this Court with frivolous filings unsupported by any legal citations and lacking any actual legal analysis. Accordingly, the Court has disregarded all but one of Plaintiff's alleged errors.

In fact, this Court has stricken several briefs and disregarded numerous arguments contained in the briefs filed by attorneys Clontz and Gudger for their continued failure to comply with the Orders of this Court. See e.g. Adams v. Astrue, No. 1:11cv336, 2013 WL 609859 (W.D.N.C. Jan. 28, 2013) (Howell, Mag. J); Hardy v. Astrue, No. 1:11cv299, 2013 WL 66082 (W.D.N.C. Jan. 4, 2013) (Howell, Mag. J.); Candler, 2012 WL 5336216. As the Court has previously stated, these filings disrupt the Court's docket, do a disservice to counsel's client, and waste the resources of the Court. Accordingly, the Court disregards Plaintiff's argument as

counsel failed to comply with the Court's prior Orders, failed to provide the Court with citations to relevant legal authority, and failed to offer any legal analysis explaining how such authority supports Plaintiff's position that the ALJ erred. See Pascoe, 2012 WL 3528054, at *3 n.2. The Court **RECOMMENDS** that the District Court **GRANT** the Commissioner's motion [# 14] and **AFFIRM** the decision of the Commissioner.

In addition, the Court **DIRECTS** Counsel for Plaintiff to **SHOW CAUSE** in writing within seven (7) days of the entry of this Order as to why the Court should not sanction him pursuant to Rule 11of the Federal Rules of Civil Procedure or the inherent power of this Court. The Court notes that it makes no difference if another individual is actually drafting the briefs in these cases, as it is counsel for Plaintiff, as the attorney signing the pleading, that is ultimately responsible for ensuring that the filings are not frivolous, comply with the Court's prior Orders, and otherwise rise to the level of professional conduct expected from members of the bar. See generally, Fed R. Civ. P. 11(b). Counsel shall also submit an affidavit to the Court setting forth: (1) whether he read the brief prior to its being filed; (2) whether he read the cases cited in the brief prior to the filing of the brief; (3) whether he reviewed the administrative record prior to the filing of the brief; (4) the amount of time, if any, he personally spent researching the law prior to filing

the brief; and (5) who prepared the Memorandum of Argument [# 11] in this case. The failure to timely comply with this Order will result in the Court imposing monetary sanctions against counsel and may result in the Court recommending to the District Court that further sanctions be levied against counsel, including the possibility of the Court recommending that he not be allowed to practice further in Social Security cases in the Bryson City and Asheville Divisions of the United States District Court for the Western District of North Carolina.

### B.     The ALJ did not Err in Weighing the Medical Opinions in the Record

Even assuming that the assignment of error raised by Plaintiff was properly before the Court, the Court would still recommend that the Court affirm the Commissioner's decision.  Both Dr. Berg and Dr. Lanier found that Plaintiff was very functionally limited.  (T. 340, 431-433.)  The ALJ rejected these medical opinions and adopted the opinion of Dr. Ben Williams.  Specifically, the ALJ found that the opinion of Dr. Berg was largely based on Plaintiff's subjective reports of symptoms and limitations, was contradicted by the medical evidence in the record, and was inconsistent with Plaintiff's activities of daily living, including the fact that he continued his work activity just below the substantial gainful activity level during the relevant time period. (T. 15-16.)  In addition, the ALJ rejected the opinion of Dr. Lanier because it was not supported by the medical

evidence in the record and was inconsistent with Plaintiff's continued work activity. (T. 16.)

Upon a review of the entire record, the Court finds that the ALJ did not commit reversible error in weighing the opinions of Dr. Berg and Dr. Lanier. As the ALJ correctly points out, the fact that Plaintiff was engaging in work during the relevant time period (T. 12, 36-37, 139, 154), contradicts the opinions of Dr. Berg and Dr. Lanier. In fact, Plaintiff worked 30 hours during the week of his administrative hearing. (T. 36.) Moreover, the medical records are not consistent with the level of impairment found by Dr. Berg and Lanier. (See e.g. T.270, 280, 283.) Finally, it is not the role of this Court to re-weigh this evidence or substitute the judgment of this Court for that of the ALJ. Craig, 76 F.3d at 589. The Court finds that substantial evidence supports the decision of the ALJ and remand is not required in this case.

### VI. Conclusion

The Court **RECOMMENDS** that the District Court **GRANT** the Commissioner's Motion for Summary Judgment [# 14], **DENY** the Plaintiff's Motion for Summary Judgment [# 10], and **AFFIRM** the Commissioner's decision. Consistent with this Order, the Court also **DIRECTS** counsel for Plaintiff to **SHOW CAUSE** in writing within seven (7) days of the entry of this

Order why the Court should not sanction him pursuant to Rule 11 and/or the inherent power of this Court.

Signed: July 25, 2013

Dennis L. Howell
United States Magistrate Judge

## **Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).